IN THE UNITED STATES DISRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| STEVENS TOWING CO., INC, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN HEDRINGTON AND GLOBAL MARINE LLC, *in personam*, and M/V THOMAS A. BAUM (O.N. 1025834), and her engines, boilers, tackle, appurtenances, etc., *in rem*. <br><br> Defendants. | Civil Action No. 2:23-cv-01896-RMG <br><br> **PLAINTIFF'S VERIFIED COMPLAINT** <br><br> **(NON-JURY)** |

Plaintiff Stevens Towing Co., Inc. ("Stevens"), complaining of Defendants John Hedrington and Global Marine LLC, *in personam*, and M/V THOMAS A. BAUM, *in rem*, (collectively the "Defendants"), shows this Honorable Court as follows:

JURISDICTION

1. This case arises from the breach of a maritime contract for vessel repairs and other necessaries the Plaintiff provided to the passenger and vehicle ferry M/V THOMAS A. BAUM (O.N. 1025834) (the "vessel").

2. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff invokes the Court's original admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1). In addition, subject matter jurisdiction in this Honorable Court is based on the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31303-31343 ("CIMLA"), and is brought pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules").

1

3. This case is governed by Rule C of the Supplemental Rules, CIMLA, the General Maritime Law of the United States, and laws supplemental thereto and amendatory thereof.

4. Upon information and belief and at all material times hereto, Defendant vessel was and is registered in the United States and in navigation upon the navigable waters of the United States. Venue is proper because during the pendency of this action, the vessel is and will be within the Charleston Division of the District of South Carolina.

5. Stevens Towing Co., Inc. is a corporation organized under the laws of the State of South Carolina with its principal place of business on Yonges Island, South Carolina.

6. Upon information and belief, Defendant M/V THOMAS A. BAUM is owned by Defendant John Hedrington and Global Marine, LLC.

7. Upon information and belief, Defendant John Hedrington is a citizen of the United States domiciled in the U.S. Virgin Islands.

8. Upon information and belief, Defendant Global Marine, LLC is a limited liability company organized under the laws of the U.S. Virgin Islands with its principal place of business on Cruz Bay, St. John, USVI.

## FACTS

9. Stevens operates a full-service shipyard and repair facility on Yonges Island, South Carolina, providing services to both private and government vessels of various sizes and design.

10. In November 2022, John Hedrington and Global Marine LLC contracted with Stevens to perform repairs on the vessel, pursuant to the repair estimate attached hereto as Exhibit A (the "Estimate").

11. Defendant John Hedrington accepted the proposed Estimate, directed Stevens to proceed with the work, and has several times visited Stevens' shipyard in person to monitor the progress of repairs.

12. By accepting the repair Estimate and directing Stevens to proceed with repairs, Defendants agreed to the following relevant terms and conditions:

   a. Upon acceptance of Stevens' quotation, these terms and conditions will become the complete agreement between the parties.

   b. Any order or direction to proceed with the work shall constitute acceptance of these terms and conditions.

   c. Payment is due in full without set-off upon receipt of invoice.

   d. Failure to pay any invoice when due automatically renders all invoices immediately due and payable and Stevens may suspend performance of all work until the full account is settled.

   e. A delinquency charge of 1.5 percent per month will be charged on all amounts remaining unpaid 30 days after invoice date, if not prohibited by law, otherwise at the highest lawful contract rate.

   f. Customer shall pay all of Stevens' expenses of collection, including reasonable attorneys' fees, survey charges, and court costs.

   g. To secure Customer's obligation to make full payment to Stevens, Customer grants Stevens a security interest in the vessel designated on the face hereof…until all invoices pertaining to all such vessels are fully paid. Stevens is hereby authorized to sign Customer's name on any documents necessary to perfect the security interest. The security interest shall be in addition to any common law or statutory

repairman's or similar possessor's lien, and any other liens granted by the laws of the United States or the State of South Carolina…, as applicable, each of which liens and rights hereunder is expressly reserved.

13. As authorized by the Defendants, Stevens commenced work on the vessel in November 2022. Work included extensive hull modifications, especially in way of modifying the vessel's bow, as well as machinery repairs.

14. On February 14, 2023, Stevens issued its first invoice to the Defendants, in the amount of $469,382.87.  (Exhibit B).

15. On March 14, 2023, Stevens received a letter from the Defendants' banker, Rogers Global, confirming that the bank had "arranged financing in an amount sufficient to satisfy his (*sic*) debt with Stevenson (*sic*) Shipyard….Our estimated time for closing and disbursement will be 15-30 business days."  (Exhibit C).

16. On March 24, 2023, Stevens issued its second invoice to the Defendants, in the additional amount of $86,520.47 (Exhibit D).

17. On April 5, 2023, Stevens issued its third invoice to the Defendants, in the additional amount of $124,735.00, demanding payment for work necessary to finish the job and launch the vessel from the shipyard. (Exhibit E).

18. To date, the Defendants have paid none of the invoices, and the amount due and payable is $680,638.34, plus delinquency interest charges.

19. The vessel remains at Stevens' shipyard, and Defendants have not responded to demands for payment.

FIRST CAUSE OF ACTION
(Breach of Maritime Contract)

20. Plaintiff restates the above allegations as if set forth herein verbatim.

21. At the request of the Defendants, Plaintiff offered to perform certain repairs to the vessel upon certain terms and conditions set forth in the Estimate (Ex. A).

22. Defendants accepted Plaintiff's offer by directing Plaintiff to commence work.

23. Stevens fully and faithfully performed its duties under the agreement.

24. Defendants failed to perform their duties and materially breached the agreement by failing to pay for materials provided and work performed.

25. As a direct and proximate result of Defendants' breaches, Stevens has incurred damages of $680,638.34 plus delinquency charges of 1.5 percent per month on all balances unpaid for more than 30 days, plus attorneys' fees, court costs, and *custodia legis* expenses.

26. As a direct and proximate result of Defendants' breach, Stevens is entitled to a judgment for damages in amount sufficient to compensate it for its losses stated above including, without limitation, actual damages, consequential damages, punitive damages, attorneys' fees authorized by the agreement, costs of this litigation, prejudgment interest, and other amounts that may be proven at trial of this matter or that justice may require.

FOR A SECOND CAUSE OF ACTION
(Maritime Lien Foreclosure)

27. Stevens restates the above allegations as if set forth herein verbatim.

28. Stevens provided necessaries to the vessel by performing repairs necessary for the accomplishment of the vessel's mission and continued function in trade as a passenger and vehicle ferry.

29. Stevens submitted invoices for the completed repair work to the Defendants in accordance with the terms of the Agreement.

30. Defendants have failed and refused to pay the invoiced amounts due to Stevens for the repairs.

31.     Pursuant to the terms of the agreement, Defendants granted Stevens a security interest in the vessel and promised not to cause the vessel to be removed until all outstanding invoices have been paid in full.

32.     Stevens' provision of necessaries to the vessel gave rise to a maritime lien on the vessel for the outstanding amounts due to Stevens on each invoice and are enforceable against the vessel *in rem* under the provisions of 46 U.S.C. § 31341, *et seq*.

33.     Stevens is entitled to arrest of the Defendant vessel pursuant to Rule C of the Supplemental Admiralty Rules to enforce its maritime lien in the amount of $680,638.34 plus delinquency charges of 1.5 percent per month on all balances unpaid for more than 30 days, plus attorneys' fees, court costs, and *custodia legis* expenses.

WHEREFORE, Plaintiff prays that summons issue to all Defendants herein; that the Defendants be made to appear and answer the allegations herein; that process in due form of law according to the practice of this Court is cases of admiralty and maritime jurisdiction issue against Defendant vessel, her engines, boilers, tackle, appurtenances, etc.; that judgment be rendered for the Plaintiff and against all Defendants for all actual, consequential, and punitive damages, attorneys' fees, including costs of this litigation, and prejudgment interest, and that judgment be rendered for Plaintiff and against Defendants in an amount as may be proven at trial or which justice requires; that Plaintiff's maritime lien be declared a first priority lien against the Defendant vessel; that Defendant vessel, her engines, tackle, appurtenances and apparel, etc., be sold by the United States Marshal for this District at the Marshal's sale and that the proceeds of the sale be applied first to the payment of *custodia legis* expenses and next to satisfy Plaintiff's maritime lien; and that this Court award any other amount and grant any other relief which may be proved or that justice may require.

Respectfully submitted,

By: /s/ Julius H. Hines
Ryan Gilsenan, Fed ID. 9837
Julius Hines, SC Bar No. 5807
Edward N. Smith, SC Bar No. 13429
1535 Hobby Street, Suite 203D
Charleston Navy Yard
North Charleston, South Carolina 29405
T: 843-266-7577
E: gilsenan@hinesandgilsenan.com
E: hines@hinesandgilsenan.com
E: smith@hinesandgilsenan.com

*Attorneys for Plaintiff Stevens Towing Co., Inc.*

May 5, 2023
Charleston, South Carolina

## VERIFICATION

PERSONALLY APPEARED Kurt Olsen who, under penalty of perjury, deposes and says:

1. My name is Kurt Olsen and I am the General Manager of the Stevens Towing Co., Inc. shipyard.

2. I am over 18 years of age, of sound mind, and a resident of the State of South Carolina.

3. I have read the foregoing Plaintiff's Verified Complaint and know the contents thereof are true and correct to the best of my knowledge, except as to matters therein stated to be on information and belief, and as to those matters, I believe them to be true.

4. The sources of my information and the grounds of my belief are personal knowledge and the documents in my possession.

5. The above statements are true and correct under penalty of perjury.

STEVENS TOWING CO., INC.

_____
Kurt Olsen, *its authorized representative*

May 1, 2023